UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62015-Civ-WILLIAMS

MT. HAWLEY INSURANCE COMPANY,

    Plaintiff,

vs.

DAYTONA AEROSPACE, INC. and
FRANCISCO MERCEDES,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Defendant Mercedes' Counterclaim and Strike his Affirmative Defenses. [D.E. 12]. The Court held a hearing on the Motion on April 17, 2012. For the reasons stated in open court and below, the Motion is GRANTED IN PART and DENIED IN PART.

### I. Background

Plaintiff Mt. Hawley Insurance Company filed for a declaratory judgment on September 14, 2011, invoking this Court's diversity jurisdiction. [D.E. 1]. In its Complaint, Plaintiff names as Defendants both Daytona Aerospace, Inc. ("Daytona"), the company to which the underlying commercial general liability was issued (Compl. ¶ 5), and Francisco Mercedes, the former Daytona employee[1] who was allegedly injured

---

[1] There is a dispute as to whether Mr. Mercedes was an employee of Daytona or an independent contractor/casual employee. The Court's use of the term employee here is not a determination on this issue. Mercedes denies that he was an employee, a fact his lawyer reiterated at the hearing on April 17, 2012.

1

while working for Daytona. Plaintiff issued a commercial general liability policy (the "Policy") to Airspares Network, Inc. and Daytona Aerospace, Inc. as the named insureds (Policy No. MGL0155657). Compl. ¶ 25. The Policy was in effect from July 20, 2009 through July 2010. *Id.*

Defendant Mercedes was hired by Daytona to move inventory from one warehouse to another in order to cure various code violations. Compl. ¶ 14. The work was anticipated to last two to three months. *Id.* ¶ 24. Mercedes was allegedly paid $10 an hour and received $400 by check and additional money in cash. No tax forms were issued to him because he did not provide his social security number. *Id.* ¶ 23. Mercedes filed a state court lawsuit against Daytona, DAI, Inc., Airspares Network, Inc. and Ayodha Persaud (the "Underlying Defendants") on April 14, 2011. Compl. Ex. A. Mercedes alleges that he was injured on May 18, 2010, a date covered under the Policy, while working for the Underlying Defendants. *Id.* In the state case, Mercedes claims that each of the Underlying Defendants was negligent and caused him to sustain severe injuries. *Id.*

The Policy covers amounts that an insured is required to pay as damages because of a "bodily injury" which Mercedes alleges here. *See* Policy, Compl. Ex. E, p. 3. There are certain exclusions to coverage, including "any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law" (the "Worker's Compensation Exclusion"). *Id.* p. 4. Additionally, under the Employer's Liability Exclusion, "bodily injury" to an "employee" of the insured, which arises out of and occurs in the course of "employment by the insured" or "performing duties related to the conduct of the insured's business" are excluded. *Id.*

2

An "employee" includes a "leased worker" but not a "temporary worker." Compl. Ex. E, Part 2, p. 5. A "leased worker" is "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. 'Leased worker' does not include a 'temporary worker.'" *Id.* A "temporary worker" is a person "furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." *Id.* p. 7.

Plaintiff claims that under the plain language of the Policy, particularly the Workers Compensation Exclusion and Employer's Liability Exclusion, Mr. Mercedes' injuries are not covered and Plaintiff is entitled to a declaratory judgment stating that it has no defense or indemnity obligation for Mercedes' injuries. Defendant Daytona failed to answer the Complaint in this case and the Clerk entered a default against Daytona on October 17, 2011. [D.E. 10]. Defendant Mercedes answered the Complaint on October 24, 2011. [D.E. 11]. Mercedes' Answer also included affirmative defenses and a counterclaim; Mercedes denies that he was an employee of Daytona as defined under the Policy, and thus claims that the Policy covers his injuries as a third-party beneficiary. *Id.* In his counterclaim, he requests that the Court issue a declaratory judgment in favor of coverage. *Id.* But in his response to Plaintiff's Motion, Mercedes also claims that he is a first-party insured under the Policy because he is an omnibus insured under the medical pay provision of the Policy. Mr. Mercedes' counsel acknowledged at the hearing that Mercedes has yet to file a claim with Mt. Hawley for medical payments. Plaintiff moved to strike Mercedes' affirmative defenses and dismiss his counterclaims. [D.E. 12].

## II. Standard of Review

3

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's [counter-claimant's] favor. *See Speaker v. U.S. Dept. of Health and Human Services Ctrs. For Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). While a plaintiff [counter-claimant] need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is impossible;" however, the "[f]actual allegations must be enough to raise a right of relief above the speculative level. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007)(quoting *Twombly*, 550 U.S. at 545).

## III. Analysis

### A. Counterclaim

"[A]bsent state law to the contrary, a case or controversy exists between an injured party not party to an insurance contract and an insurer in a declaratory judgment action instituted by the insurer which names the injured party as a defendant." *Monticello Ins. Co. v. Dynabilt Mfg. Co., Inc.*, 2005 WL 3019241 at *2 (M.D. Fla. 2005). "Courts have given special weight to the principle that the injured party has a right, as a

4

named defendant, to defend against an action brought by the plaintiff insurance company." *Id.* (citing *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. Sept. 4, 1981)). In Florida, however, Florida's Nonjoinder of Insurers Statute provides that "[i]t shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not insured under the terms of the liability insurance contract that such a person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy." Fla. Stat. § 627.4136(1). Courts have applied the non-joinder statute to counterclaims in federal declaratory judgment actions and therefore have dismissed such claims. *Allstate Ins. Co. v. Stanley*, 282 F.Supp.2d 1342 (M.D. Fla. 2003); *Colony Ins. Co. v. Total Contr. & Roofing, Inc.*, 2010 U.S. Dist. LEXIS 129497 (S.D. Fla. Dec. 7, 2010); *Valley Forge Ins. Co. v. Olem Shoe Corp.*, Case No. 11-cv-20626-Cooke (S.D. Fla. Aug. 19, 2011).

Here, Mercedes acknowledges that he has not obtained a verdict against Daytona, the insured under the Policy. As a result, he may not file a counterclaim against Mt. Hawley at this juncture – the Florida Nonjoinder of Insurers Statute bars his claim unless and until he obtains a judgment against the insureds. Thus, Mercedes' counterclaim is properly DISMISSED.

Nonetheless, in his response, Mercedes raises the possibility that he is an omnibus insured under the policy, which would make him a first-party insured entitled to move directly against Mt. Hawley. *See State Farm Fire & Casualty Co. v. Kambara*, 667 So.2d 831, 833 (Fla. 4th DCA 1996). However, because he has not filed a claim against Mt. Hawley under the policy as an omnibus insured, such a claim is not ripe. If

Mercedes does file a claim against Mt. Hawley as an omnibus insured, he may file an appropriate amended counterclaim. The Court counsels Mercedes to act with diligence if, as his lawyers indicated, he intends to file the appropriate claim with Mt. Hawley, and be mindful of this Court's Scheduling Order.

### B. Affirmative Defenses

Though Florida law precludes Mercedes' counterclaim as written against Mt. Hawley, Plaintiff's standing argument does not extend to Mercedes' affirmative defenses. Mercedes is entitled to defend against the declaratory judgment requested by Mt. Hawley and argue that such a judgment is inappropriate in the case at bar. As noted above, courts give "special weight" to the right of a named defendant to defend against the plaintiff insurance company. *Monticello Ins. Co.*, 2005 WL 3019241 at *2. Based on this Court's ruling as to Mercedes' counterclaim and cognizant of Mercedes' need to properly and fully defend against the declaratory judgment action, the Court declines to strike the affirmative defenses and instead grants Defendant Mercedes leave to amend his affirmative defenses to state them with more particularity.[2] Mercedes shall file his amended affirmative defenses by **May 9, 2012**.[3]

---

[2] In his response to Plaintiff's Motion, Mercedes did concede this Court's diversity jurisdiction. As a result, Mercedes' fourth affirmative defense of lack of subject matter jurisdiction is stricken.

[3] The Court notes that Mercedes requested attorneys' fees pursuant to Fla. Stat. § 627.428. Mt. Hawley objected to such fees both in its Motion and at the hearing because Mr. Mercedes is not a named insured or an omnibus insured. Because the Court has granted Mercedes leave to amend his counterclaim to assert he is an omnibus insured (if and when such claim becomes ripe), the Court declines to address the fee issue at this juncture.

DONE AND ORDERED in chambers in Miami, Florida, this 17th day of April, 2012.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE